**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Ray WALLACE, Defendant–
Appellant.**

No. 03–10581.
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

DECIDED: April 8, 2004.

Floyd Clardy, US Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Patrick R Cowlishaw, Jackson Walker, Dallas, TX, for Defendant–Appellant.

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

David Ray Wallace appeals from his jury-trial conviction and sentence for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Wallace argues that the district court erred in finding that he consented to a search of his person. The evidence, viewed in the light most favorable to the prevailing party, supports the district court's findings and denial of Wallace's motion to suppress. *See United States v. Shelton,* 337 F.3d 529, 532, *petition for cert.* — U.S. ——, 124 S.Ct. 1507, 158 L.Ed.2d 172 (2003) (No. 03–781).

Wallace further argues that the district court erred in enhancing his sentence pursuant to 18 U.S.C. § 924(e). This court reviews the issue de novo. *See United States v. Martinez–Cortez,* 988 F.2d 1408, 1410 (5th Cir.1993). The presentence report reveals that Wallace had three convictions for aggravated robbery which served as predicate offenses for the sentence enhancement. *See United States v. Munoz,* 150 F.3d 401, 419 (5th Cir.1998). The district court did not err.

Finally, Wallace challenges the constitutionality of 18 U.S.C. § 922(g). He concedes that his argument is foreclosed by circuit precedent. This court has repeatedly held that the constitutionality of 18 U.S.C. § 922(g) is not open to question.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

*United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001).

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.